IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN BONE, TIMOTHY MILES,       )
NATIONAL FEDERATION OF THE      )
BLIND, INC. and DISABILITY      )
RIGHTS OF NORTH CAROLINA,       )
                                )
            Plaintiffs,         )
                                )
     v.                         )      1:18cv994
                                )
UNIVERSITY OF NORTH CAORLINA    )
HEALTH CARE SYSTEM, and NASH    )
HOSPTALS, INC.,                 )
                                )
            Defendants.         )

**ORDER**

The Report and Recommendation of the United States Magistrate Judge ("Recommendation") was filed with the court in accordance with 28 U.S.C. § 636(b) on September 13, 2019. (Doc. 44.) All parties filed objections to the Recommendation. (Docs. 49, 50, 51.)

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and has made a de novo determination. The court finds that the objections do not alter the substance of the Recommendation, and thus this court's determination is in accord with the Magistrate Judge's report. The court will therefore adopt the Recommendation, but in doing so will address one objection that merits discussion.

The University of North Carolina Health Care System ("UNCHCS") objects to the portion of the Recommendation that this

court deny its motion in full even though the Magistrate Judge also recommended dismissal of Plaintiffs' claim under Title III of the Americans with Disabilities Act ("ADA") against Nash Hospitals, Inc. ("Nash"). UNCHCS contends that the Magistrate Judge "untenably" concluded that Plaintiff John Bone has standing to seek injunctive relief against UNCHCS but not against Nash, even though the facts underlying Bone's claims against the two entities are identical. (Doc. 51 at 6.)

UNCHCS overlooks the different forms of relief available under Titles II and III of the ADA. In a cause of action under Title III -- a claim brought by Bone against Nash in Count II of the current complaint (Doc. 18 ¶¶ 43-57) -- injunctive relief is the *only* form of available redress. 42 U.S.C. § 12188(a)(2); see also Proctor v. Prince George's Hosp. Ctr., 32 F. Supp. 2d 820, 824 (D. Md. 1998). The same is not true as to Bone's Title II claims against UNCHCS, because Title II allows a plaintiff to seek monetary damages *and* injunctive relief. 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a); see also Frye v. Napoleon Cmty. Schs., 137 S. Ct. 743, 750 (2017) (recognizing that Title II "authorize[s] individuals to seek redress for violations . . . by bringing suits for injunctive relief or money damages"). Thus, resolution of Nash's standing challenge to Bone's Title III claim required the Magistrate Judge to determine whether Bone had standing to obtain injunctive relief, which he properly

concluded Bone did not.  In contrast, because Title II allows Bone to seek compensatory relief against UNCHCS, the Magistrate Judge's determination that Bone had standing to seek compensatory damages was sufficient to reject UNCHCS's argument that Bone lacked standing under Title II.  See, e.g., Paulone v. City of Frederick, 787 F. Supp. 2d 360, 373 (D. Md. 2011).  Whether Bone will be successful in proving his Title II claims remains to be determined.  Yet UNCHCS's objection that the discrepancy regarding Plaintiffs' standing to seek injunctive relief between itself and Nash lacks a "legal or factual basis" is unpersuasive.  (Doc. 51 at 6.)

IT IS THEREFORE ORDERED that UNCHCS's motion to dismiss (Doc. 20) is DENIED.  Nash's motion to dismiss (Doc. 28) is GRANTED IN PART and DENIED IN PART as follows: the Title III claim and all claims asserted by Plaintiffs National Federation of the Blind and Disability Rights of North Carolina against Nash are dismissed for lack of standing; all other claims will be allowed to proceed.

/s/   Thomas D. Schroeder  
United States District Judge

March 5, 2020