IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:18-CV-994

| | |
|---|---|
| John Bone, et al.,<br>    Plaintiffs,<br><br>v.<br><br>University of North Carolina<br>Health Care System, et al.,<br>    Defendants. | **Defendant UNCHCS's<br>Motion for Judgment<br>on the Pleadings**<br>Fed. R. Civ. P. 12(c) |

A decision of the United States Supreme Court issued after this Court's rejection (Doc. 57) of the University of North Carolina Health Care System's (UNCHCS) Objection to the Magistrate Judge's Recommended Disposition (Doc. 51) now obliges the Court to order complete judgment as a matter of law on the pleadings in favor of UNCHCS. This motion rests on the pleadings alone and references nothing outside of them. Because "judicial economy weigh[s] in favor of a stay [where] resolution of the pending Motion [] will potentially terminate th[e] action," *Warner v. Midland Funding, LLC*, No. 1:18CV727, 2019 WL 8560152, at *2 (M.D.N.C. Mar. 18, 2019), UNCHCS by separate motion moves the Court to stay all its discovery obligations until decision on the present motion. UNCHCS does not request a stay of the early mediation provided for in the scheduling order. (Doc. 66)

The Plaintiffs have sued UNCHCS for "denying blind individuals an equal opportunity to access their health care information," by allegedly failing to timely provide documents in "alternative formats such as Braille or large print." (Doc. 18, Am. Compl., §§ 1, 3)

In its Objection, UNCHCS contended **(a)** that under Fourth Circuit precedent, a "district court correctly applie[s] a 'but-for' causation standard" to claims brought under 42 U.S.C. § 12132 (Americans with Disabilities Act), 29 U.S.C. § 794(a) (Rehabilitation Act), and 42 U.S.C. § 18116 (Affordable Care Act), and **(b)** that under that correct standard the Plaintiffs' Amended Complaint fails to state any claims upon which relief can be granted. (Doc. 51, pp 15-24) *Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 234-35 (4th Cir. 2016) (citing *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009)).

The Magistrate Judge in recommending rejection of UNCHCS's Motion to Dismiss (Doc. 20) had erroneously interpreted the words of the statutes—"by reason of" and "solely by reason of"—to have established a "motivating cause" standard (Doc. 44, pp 40-41). The Court adopted the recommendation "in accord with the Magistrate Judge's report." (Doc. 57) This is in direct conflict with *Gentry*, which held that the "ADA's text does not provide that a violation occurs when a[ Defendant] acts with mixed motives." *Id.* (adopting

the Sixth Circuit's conclusion in *Lewis v. Humboldt Acquisition Corp.,* 681 F.3d 312, 320-2 (6th Cir.2012) (en banc) (Sutton, J.) that the ADA's legislative history shows the act does not incorporate Title VII's "motivating factor" standard).

Any doubt about the correct standard under which the Court should evaluate the sufficiency of the Amended Complaint has decisively been put to rest by the Supreme Court's intervening, analogous holding that to prevail on a claim alleging violation of the requirement that "[a]ll persons…shall have the same right…to make and enforce contracts," 42 U.S.C. § 1981, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019, 206 L. Ed. 2d 356 (2020).

The phrase "by reason of," the *Comcast* Court elsewhere stated, "indicate[s] a but-for causation requirement," *id.*, 140 S. Ct. at 1015 (citing *Gross*, 557 U.S. at 176–177, 129 S.Ct. 2343, 174 L.Ed.2d 119); and it is a "mistaken premise that a process-oriented right"—here the provision of certain information in the process of accessing health care—"necessarily pairs with a motivating factor causal standard." *Id.* at 1018.

Drafted on the basis of this false premise, the Amended Complaint nowhere alleges, implicitly or explicitly, that UNCHCS would have responded

differently toward blind individuals' requests for timely alternative-format documents "but for" their disability. As explained in more detail in the accompanying memorandum, the Amended Complaint therefore fails to state any claims upon which relief can be granted, and judgment should be rendered on the pleadings in favor of UNCHCS (and, incidentally, also in favor of Defendant Nash Hospitals, Inc.).

WHEREFORE, UNCHCS pursuant to Fed. R. Civ. P. 12(c) respectfully requests the Court to render judgment on the pleadings in favor of UNCHCS on all counts asserted against it in the Amended Complaint.

Respectfully submitted this the 16th day of June, 2020.

> JOSHUA H. STEIN
> ATTORNEY GENERAL
>
> */s/ Milind K. Dongre*
> _____
> Milind K. Dongre
> Assistant Attorney General
> North Carolina Department of Justice
> Attorney for UNC Health Care System
> 101 Manning Dr., Medical Wing E
> Chapel Hill, North Carolina 27514
> (984) 974-2085
> N.C. State Bar No. 38968
> milind.dongre@unchealth.unc.edu

# Certificate of Service

The undersigned hereby certifies that on the date shown below a copy of the foregoing **Defendant UNCHCS's Motion for Judgment on the Pleadings** was electronically filed with the Clerk of Court using the CM/ECF system.

It is further certified that on the date shown below a copy of the foregoing **Defendant UNCHCS's Motion for Judgment on the Pleadings** was served upon counsel for all other parties, all of whom are registered CM/ECF users, electronically pursuant to LR 5.3(c)(3).

EVE L. HILL
BROWN, GOLDSTEIN & LEVY, LLP
120 E. BALTIMORE STREET
SUITE 1700
BALTIMORE, MD 21202
410-962-1030
410-385-0869 (fax)
ehill@browngold.com

HOLLY A. STILES
DISABILITY RIGHTS NORTH CAROLINA
3724 NATIONAL DRIVE, SUITE 100
RALEIGH, NC 27612
919-856-2195
919-856-2244 (fax)
holly.stiles@disabilityrightsnc.org

JAMES O. STRAWBRIDGE
BROWN, GOLDSTEIN & LEVY, LLP
120 E. BALTIMORE STREET
SUITE 1700
BALTIMORE, MD 21201
410-962-1030
410-385-0869 (fax)
jstrawbridge@browngold.com

CHELSEA J. CRAWFORD
BROWN, GOLDSTEIN & LEVY, LLP
120 E. BALTIMORE STREET
SUITE 1700
BALTIMORE, MD 21202
410-962-1030
410-385-0869 (fax)
ccrawford@browngold.com

LISA GRAFSTEIN
DISABILITY RIGHTS NORTH CAROLINA
3724 NATIONAL DRIVE, SUITE 100
RALEIGH, NC 27612
919-856-2195
919-856-2244 (fax)
lisa.grafstein@disabilityrightsnc.org

CHRISTOPHER A. HODGSON
DISABILITY RIGHTS NORTH CAROLINA
3724 NATIONAL DRIVE, SUITE 100
RALEIGH, NC 27612
919-856-2195
919-856-2244 (fax)
chris.hodgson@disabilityrightsnc.org

JESSICA P. WEBER
BROWN, GOLDSTEIN & LEVY, LLP
120 E. BALTIMORE STREET
SUITE 1700
BALTIMORE, MD 21201
410-962-1030
410-385-0869 (fax)
jweber@browngold.com

DENA BETH LANGLEY
BROOKS PIERCE MCLENDON HUMPHREY & LEONARD
POB 26000
GREENSBORO, NC 27420-6000
336-271-3190
336-232-9090 (fax)
blangley@brookspierce.com

SARAH M. SAINT
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD
230 NORTH ELM STREET, SUITE 2000
GREENSBORO, NC 27401
336-271-3197
336-232-9197 (fax)
ssaint@brookspierce.com

This the 16th day of June, 2020.

JOSHUA H. STEIN
ATTORNEY GENERAL

*/s/ Milind K. Dongre*

_____

Milind K. Dongre
Assistant Attorney General
North Carolina Department of Justice